Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NADENE MOORE, on behalf of herself and all others similarly situated, )<br><br>Plaintiff, )<br><br>vs. )<br><br>SPRINT COMMUNICATIONS, INC. )<br><br>Defendants. ) | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1.  VIOLATIONS OF ELECTRONIC FUNDS TRANSFER ACT [15 U.S.C. §1693 ET SEQ.]<br>2.  VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT [CAL CIV CODE §1788, *ET SEQ.*]<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff NADENE MOORE ("Plaintiff"), on behalf of herself and all others similarly situated, alleges the following against Defendant SPRINT COMMUNICATIONS, INC. upon information and belief based upon personal knowledge:

### INTRODUCTION

1.  Plaintiff's Class Action Complaint is brought pursuant to the Electronic Funds Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA") and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.*,

("RFDCPA").

2.     Plaintiff, individually, and on behalf of all others similarly situated, brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendants debiting Plaintiff's and also the putative Class members' bank accounts on a recurring basis without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers from Plaintiff's and also the putative Class members' accounts, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

3.     Defendant's actions were in an attempt to collect and alleged "consumer debt," as defined by Cal Civ Code §1788.2(f), from Plaintiff and those similarly situated to Plaintiff and constitute multiple violations of the RFDCPA.

4.     Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction under 28 U.S.C. 1331, because this action is brought pursuant to the EFTA, 15 U.S.C. 1693 *et seq.*

6.     Jurisdiction of this Court arises pursuant to 15 U.S.C. 1693(m), which states that, "without regard to the amount in controversy, any action under this section may be brought in any United States district court."

7.     This Court has supplemental jurisdiction over the claims brought pursuant to RFDCPA, Cal Civ Code §1788, *et seq.* under 28 U.S. 1367 because the claims brought pursuant to the RFDCPA arise from the same transaction or occurrence as those claims brought under the EFTA, 15 U.S.C. 1693 *et seq*

8.     Venue and personal jurisdiction in this District are proper pursuant to 28 U.S.C. 1391(b) because Plaintiff resides within this District and Defendants do

or transact business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

9.      Plaintiff, Nadene Moore ("PLAINTIFF"), is a natural person residing in Los Angeles County in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

10.     At all relevant times herein, DEFENDANT, SPRINT COMMUNICATIONS, INC. ("DEFENDANT") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from PLAINTIFF which qualifies as a "consumer debt," as defined by Cal Civ Code §1788.2(f). DEFENDANT regularly attempts to collect debts alleged to be themselves, and therefore is a "debt collector" as defined by the RFDCPA, Cal Civ Code §1788.2(c).

11.     Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS - EFTA

12.     In or around 2015, Plaintiff purchased an electronic tablet from Defendant.

13.     For consideration for the tablet, Plaintiff agreed to have Defendant withdraw five dollars ($5) per month on a reoccurring basis.

14.     However, without Plaintiff's consent or permission Defendant began deducing funds of seven dollars ($7) from Plaintiff's account.

15.     Defendant's automatic withdrawals caused an overdraft on Plaintiff's bank account, causing her actual injury in the forms of additional fees.

16.     Plaintiff never provided Defendants with any authorization to deduct

these extra sums of money on a regular recurring basis from Plaintiff's banking account.

17.     Defendants continued to deduct this monthly sum from Plaintiff for several months without Plaintiff's authorization.  Such unauthorized debits from Plaintiff's bank account by Defendant continued until at least April of 2016.

18.     Further, Defendants did not provide to Plaintiff, nor did Plaintiff execute, any written or electronic writing memorializing or authorizing the additional recurring or automatic payments.

19.     Plaintiff did not provide Defendants either with a written or an electronic signature authorizing the additional recurring or automatic payments.

20.     Plaintiff alleges such activity to be in violation of the Electronic Funds Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA"), and its surrounding regulations, including, but not limited to, 12 C.F.R. §§1005.7, 1005.8, and 1005.9.

## FACTUAL ALLEGATIONS - RFDCPA

21.     At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

22.     Despite having agreed to have Defendant withdraw five ($5) per month from Plaintiff's account, Defendant attempted to collect from Plaintiff extra funds from Plaintiff.

23.     Plaintiff made all payments for the original agreed upon sum on time and in full.

24.     However, despite making all payments in a timely manner and Defendant even taking extra money from Plaintiff's account, Defendant attempted to obtain extra funds from Plaintiff by deceptively telling her that she had not made full payments and was now behind on her payments.

25.    §1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §1692d, and §1692d(5).

26.    Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

    a.  Falsely representing the character, amount, or legal status of Plaintiff's debt (§ 1692e(2)(A));

    b.  Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§ 1692e(10);

    c.  Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§ 1692f)); and,

    d.  Colling on an amount not expressly authorized by the agreement creating the debt or permitted by law (§ 1692f(1)).

## CLASS ACTION ALLEGATIONS

27.    Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons in the United States whose bank accounts were debited on a reoccurring basis by Defendants without Defendants obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers within the one year prior to the filing of this Complaint.

28.    Plaintiff represents, and is a member of, The Class, consisting of all persons within the United States whose bank account was debited on a recurring basis by Defendants without Defendants obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers within the

one year prior to the filing of this Complaint.

29.     Defendants, their employees and agents are excluded from The Class.  Plaintiffs do not know the number of members in The Class, but believe the Class members number in the hundreds, if not more.  Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

30.     The Class is so numerous that the individual joinder of all of its members is impractical.  While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes hundreds, if not thousands, of members.  Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendants.

31.     This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the Class is so numerous that joinder of the Class members is impractical and the disposition of their claims in the class action will provide substantial benefits both to the parties and to the Court.

32.     There are questions of law and fact common to the Class affecting the parties to be represented.  The questions of law and fact to the Class predominate over questions which may affect individual Class members and include, but are not necessarily limited to, the following:

a.     Defendant withdrew extra funds at on an automatic, or recurring, electronic basis from their personal accounts to be paid to Defendants.

b.     The members of the Class were not provided with, nor did they execute, written agreements memorializing the automatic or recurring electronic payments for the additional funds.

c.     Defendants did not request, nor did it provide, Class members with written agreements memorializing the automatic or recurring electronic payments

for the additional funds.

       d.     The members of the Class did not provide either a written ("wet") or otherwise electronic signature authorizing the automatic or recurring electronic payments for the additional funds.

       e.     Despite not providing written or electronic authorization for payments to be drawn from their accounts, Defendants took unauthorized payments for additional funds from Class members' accounts.

       f.     Defendant attempted to collect on alleged debt that it was not authorized to collect on.

       33.    As someone whose bank account was debited extra funds on a reoccurring basis by Defendants without Defendants obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers, Plaintiff is asserting claims that are typical of The Class.

       34.    Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

       35.    A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

36.    The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

37.    Defendants have acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

38.    Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because, on information and belief, the putative class consists of hundreds, if not thousands, of individuals and is so numerous that joinder of all putative class members, whether otherwise required or permitted, is impracticable.  The actual number of putative class members is in the exclusive control of Defendant.

39.    Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable, because Plaintiff will fairly and adequately protect the interests of the Class and Plaintiff has hired counsel able and experienced in class action litigation.

40.    Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because this Court and the parties would enjoy economies in litigating common issues on a class-wide basis instead of a repetitive individual basis.

41.    Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because the size of each putative class member's actual damages is too small to make individual litigation an economically viable option.

42.    Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because no unusual difficulties will likely occur in the management of the Class as all questions of law or fact to be litigated at the liability stage are common to

the putative class and all compensatory relief is concomitant with a liability finding and can be calculated by automated and objective means.

43.     The size and definition of the Class can be identified through Defendant's records and/or Defendant's agents' records.

**COUNT I:**
**DEFENDANTS VIOLATED THE ELECTRONIC FUNDS TRANSFER ACT**
**(On Behalf of Plaintiff and the Class)**

44.     Section 907(a) of the EFTA, 15 U.S.C. §1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

45.     Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

46.     Section 205.l0(b) of Regulation E, 12 C.F.R. § 205.l0(b), provides that "[p ]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer."

47.     Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.l0(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." *Id.* at ¶10(b), comment 5.  The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." *Id.* at ¶10(b), comment 6.

48.     In multiple instances, Defendants have debited Plaintiff's and also the putative Class members' bank accounts extra funds on a recurring basis

without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers from Plaintiff's and also the putative Class members' accounts, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

49.     In multiple instances, Defendants have debited Plaintiff's and also the putative Class members' bank accounts on a recurring basis without providing a copy of a written authorization signed or similarly authenticated by Plaintiff or the putative Class members for preauthorized electronic fund transfers, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

## COUNT I:
## VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### (On Behalf of Plaintiff and the Class)

50.     Plaintiff reincorporates by reference all of the preceding paragraphs.

51.     To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, NADENE MOORE, individually, and on behalf of all others similarly situated, respectfully requests judgment be entered against Defendant, SPRINT COMMUNICATIONS, INC., for the following:

52.     That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;

53.     Statutory damages of $1,000.00, per Class Member, pursuant to the Electronic Fund Transfer Act, §916(a)(2)(A);

54.     Statutory damages of $1,000.00 per Class Member, pursuant to the RFDCPA;

55.     Actual damages;

56.    Costs and reasonable attorneys' fees pursuant to the Electronic Fund Transfer Act, §916(a)(3);

57.    For prejudgment interest at the legal rate; and

58.    Any other relief this Honorable Court deems appropriate.

## **TRIAL BY JURY**

59.    Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted this 10TH day of January, 2017.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.


By:    <u>/s/ Todd M. Friedman</u>
         Todd M. Friedman
         Law Offices of Todd M. Friedman
         Attorney for Plaintiff